UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CHARES ROBERT SMITH, | * |
| Plaintiff, | * |
| v. | *   Civil. |
| THE FEDERAL BUREAU OF INVESTIGATIONS, | * |
| | * |
| Defendant. | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR EXPEDITED
## INJUNCITVE AND DECLARATORY RELIEF

### *THE PARTIES*

Plaintiff Charles Robert Smith ("Plaintiff") resides in Maryland. He is a defendant in the case of *State of Maryland v. Charles Robert Smith*, no. C-02-CR-23-001080, currently scheduled for trial in the Circuit Court for Anne Arundel County commencing February 7, 2025.

Defendant the Federal Bureau of Investigation ("FBI") is an agency of the Department of Justice of the United States ("DOJ").

Plaintiff brings this action for expedited injunctive and declaratory relief against the Defendant.[1]

---

[1] Attorney Deborah Katz Levi is representing Mr. Smith for purposes of filing this pleading in federal court, while Attorney Anne Stewart-Hill, a member of the same firm, the Maryland Office of the Public Defender, also represents Mr. Smith. Attorney Stewart-Hill has been admitted to the federal bar, but awaits being sworn in to the Federal District Court of Maryland on or before January 17, 2025.

## INTRODUCTION

Plaintiff is charged with murder in the first degree of Mario Mireles Ruiz, Nicolas Mireles, and Christian Segovia, six counts of attempted first degree murder, three counts of first-degree murder substantially motivated by hate towards persons of Hispanic national origin, and other charges. Plaintiff faces trial commencing February 7, 2025. The FBI are in possession of information and have knowledge of the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, as well as of the Mireles family's efforts to finance a contract killing of Plaintiff. The FBI has refused to provide that information and has refused to testify as to their knowledge of the criminal ties of Mario Mireles Ruiz and other members of the Mireles family to violent gangs such as the Mexican Cartel, as well as the Mireles family's efforts to finance a contract killing of Plaintiff. The FBI's refusal is unlawful under the Administrative Procedures Act (the "APA") and violates Plaintiff's constitutional rights under the Fourteenth and Fifth Amendments to due process, including his right to present evidence that could exculpate Plaintiff and/or negate or mitigate Plaintiff's guilt or punishment, and under the Sixth Amendment, including his rights under the Compulsory Process Clause.

Plaintiff is requesting that this Honorable Court issue an injunction ordering Defendant to promptly disclose information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above. Plaintiff further seeks a declaration be provided that the information regarding the criminal ties of Mario Mireles

2

Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and the testimony at trial of FBI agents with direct knowledge of the above.

## STATEMENT OF FACTS

### A. BACKGROUND

Plaintiff lived with his mother Shirley Mae Smith at 1010 Paddington Place, Annapolis, Maryland. On June 11, 2023, the Mireles family, including Mario Mireles Ruiz, his brother Luis Enrique Mireles Ruiz, their mother Harcinia Ruiz, their father, Nicolas Mireles, and approximately 40-50 others were holding a birthday party for Luis Enrique Mireles Ruiz at the family home located at 1004 Paddington Place. Plaintiff had been sailing in Round Bay, near Severna Park, Maryland and was returning home with his 16-foot sailboat Latitude Adjustment. Plaintiff was unable to park his car and sailboat in his driveway at 1010 Paddington Place because a car registered to one of the birthday party attendees at 1004 Paddington Place was partially blocking Plaintiff's driveway. Shirley Mae Smith, Plaintiff's mother, had requested that the car be moved prior to Plaintiff's arrival, including calling the Annapolis Police Department and Annapolis Parking Enforcement, to no avail.

When Plaintiff arrived home, he observed his mother involved in a heated verbal altercation with Mario Mireles Ruiz. Several other men from the party were also present with Mr. Mireles Ruiz. Plaintiff was familiar with Mario Mireles Ruiz's reputation for violence as well as gun possession from prior incidents and went inside his home to retrieve a Glock pistol for his own and his mother's protection. Plaintiff verbally confronted Mario Mireles Ruiz near Plaintiff's driveway; during the confrontation Mario Mireles Ruiz violently took Plaintiff to the ground and

3

grabbed for his Glock pistol. During the struggle on the ground over the pistol, Plaintiff shot Mario Mireles Ruiz at close range several times, and additionally as Plaintiff observed that Mario Mireles Ruiz had not stopped moving.

At the same time as Plaintiff was standing up, Christian Marlon Segovia, one of the men who had been present at the birthday party and an associate of Mario Mireles Ruiz, began moving towards Plaintiff. Believing Segovia to be armed, Plaintiff shot him several times with the pistol. At this same time, shots were being fired at Plaintiff by individuals among the attendees at the birthday party. Plaintiff retreated into his home with his mother. At this time several individuals attempted to break into Plaintiff's house by smashing the main pane and one of the side panes of the front bay window to Plaintiff's house.

Plaintiff retrieved his AR-15 rifle and began firing at the intruders as well as laying suppressive fire to prevent anyone else from approaching the house. One additional individual, Nicolas Mireles, was shot and killed during this incident. Three additional individuals—Paul Melvin Johnson, Rosalina Segovia, and Enner Canales-Hernandez, were wounded by gunfire. Plaintiff immediately surrendered to police.

## B. PROCEDURAL HISTORY

On June 12, 2023, Plaintiff was charged and on July 21, 2023 subsequently indicted for three counts of murder first degree, six counts of attempted murder first degree, three counts of murder first degree 'substantially motivated by' animus towards persons of Hispanic national origin, and related firearms and other charges for a shooting incident that occurred at or near 1010 Paddington Place, Plaintiff's home, on June 11, 2023. The FBI under case number 343G-BA-3773068 assisted local law enforcement in collecting and analyzing ballistics and other evidence at the crime scene.

On June 23, 2023 FBI Supervisory Special Agent ("SSA") Autumn Brown sent an email to Annapolis Police Department Detectives Lawrence DeLeonibus and Lamar Howard, alerting them that the Mireles family and associates were raising money to put a hit on the Plaintiff, and that the family had a lot of connections within the Mexican Cartel and jail and prison system in Maryland and would use those connections to effectuate the hit. *See* June 23, 2023 Email, a copy of which has been provided as Exhibit A. On June 28, 2023 FBI Special Agent ("SA") Michael Lipsner submitted a memorandum to SSA Autumn Brown detailing information received from a Confidential Human Source (S -00109319) that Luis Enrique Mireles Ruiz, also known as "Yolo" and the brother of Mario Mireles Ruiz, was raising money to finance a hit on Plaintiff. *See* June 28, 2023 FD-1023 Reporting Document, a copy of which has been provided as Exhibit B.

On various dates, Plaintiff received information in discovery and in response to Plaintiff's June 7, 2024 request submitted under *United States ex rel. Touey v. Ragen*, 340 U.S. 462 (1951), ("*Touey* request") that indicated that Mario Mireles Ruiz and members of his family were affiliated with the Mexican Cartel, under FBI investigation--case file number 281C-BA-3708548--for transnational drug distribution, and were known to carry firearms. These dates included December 13, 2023 (FBI DNA Report), February 12, 2024 (the above-described FD-1023 Reporting Document submitted by SA Michael Lipsner); March 5, 2024 (Disclosure in response to State's *Touey* Request), and August 2, 2024 (FBI disclosure in response to Plaintiff's June 7, 2024 *Touey* Request), *See* Page 12, FBI DNA Report; FD-1057 Report, dated January 20, 2023, including FBI documents FBI_001 through FBI_012; October 19, 2023 FD-1057 Request for Laboratory Shooting Reconstruction Team Work Products, authored by Special Agent ("SA") Sean O'Rourke, and listing both Mario Mireles Ruiz and Luis Mireles Ruiz as subjects of the same FBI investigation, case file number 281C-BA-3708548, copies of which have been provided as

5

Exhibits C, D, and E.

On May 21, 2024, Plaintiff issued subpoenas for SSA Autumn Brown and SA Sean O'Rourke to appear at a motions hearing scheduled for July 31, 2024 and to provide information regarding the hit on Plaintiff and any and all associations with MS-13 and/or any criminal organizations know to operate with MS-13, including but not limited to FBI case files 343G-BA-3773068 and 281C-BA-3708548, of a list of individuals who were present at the shooting scene, and specifically Mario Mireles Ruiz, Christian Segovia, and Luis Mireles Ruiz. *See* Subpoenas, issued May 21, 2024, copies of which have been provided as Exhibits F-K.

On June 7, 2024 Plaintiff submitted a *Touey* request to the DOJ, asking that the FBI provide the following: "(1) Any and all information regarding the hit put out by the Mireles family and their associates on Charles Robert Smith, including but not limited to how the hit was communicated, how law enforcement uncovered information regarding the hit, to whom law enforcement communicated that information and when, the planning of the hit—who put out the hit, who was supposed to carry it out, when and where was it supposed to be executed, and how much was promised in payment up front and upon execution. (2) Any and all information regarding the association, participation and/or membership of the following individuals in MS-13, any Mexican cartel, and/or any criminal organizations known to operate with MS-13 and any Mexican cartel: Mario Mireles Ruiz, DOB: 9/3/95; Luis Enrique Mireles Ruiz, DOB: 6/11/94; Christian Marlon Segovia, DOB: 7/17/98; Nicolas Mireles, DOB: 3/25/68; Harcinia Ruiz, DOB: 9/22/64; Enner Canales-Hernandez, DOB: 12/9/96; Jose Miguel Hernandez, DOB: 9/28/91; and Paul Melvin Johnson, DOB: 1/1/95." *See* Statement by Requesting Party, dated June 7, 2024, a copy of which has been provided as Exhibit L.

As Plaintiff wrote in his June 7, 2023 *Touey* Request, "[T]he requested information

6

constitutes <u>Brady</u> material insofar as it may serve, whether or not admissible, to exculpate Mr. Smith or negate or mitigate Mr. Smith's guilt or punishment as to some or all of the offenses charged. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). Mr. Smith is claiming self-defense against violent gang members in this case. The referenced June 23, 2023 email from Supervisory Special Agent Brown to the lead detective for Mr. Smith's case, Annapolis Police Detective Lawrence DeLeonibus regarding the gang affiliation (cartel) of the Mireles family and its associates, and their intent to finance violence against and possibly the murder of Mr. Smith, suggests that the FBI is in possession of additional information that would indeed exculpate Mr. Smith, and/or negate or mitigate Mr. Smith's guilt or punishment."

On July 23, 2024 Plaintiff received a limited authorization letter from US Attorney Erek Barron dated July 11, 2024 authorizing disclosure of materials under FBI case no. 343G-BA-3773068 but not under FBI case no. 281C-BA-3708548 or the testimony of SSA Autumn Brown and SA Sean O'Rourke. *See* Limited Authorization Letter, dated July 11, 2024, a copy of which has been provided as Exhibit M. On July 30, 2024 Plaintiff received a disclosure on flash drive from the FBI, which contained materials only related to the FBI investigation of the shooting on June 11, 2023 under case no. 343G-BA-3773068 in response to his *Touey* request, most of which had already been provided in discovery by the State's Attorney's Office ("SAO") on or about September 28, 2023 and February 12, 2024.

In response to the limited authorization letter and disclosure, on August 2, 2024, Plaintiff sent a letter by email to Vickie LeDuc, Assistant United States Attorney ("AUSA"), DOJ, stating that the July 30, 2024 disclosure was unresponsive to the Plaintiff's *Touey* request. *See* Letter to AUSA Vickie LeDuc, dated August 2, 2024, a copy of which has been provided as Exhibit N. On September 11, 2024 AUSA Vickie LeDuc responded to Plaintiff's August 2, 2024 letter, stating

7

that, among other reasons "…the Department of Justice has denied your Touhy request because of the concerns that disclosing such information may compromise an ongoing criminal investigation or disclose the identity of confidential source(s). The only recourse for such a denial is an Administrative Procedures Act suit in federal court challenging the decision of the U.S. Attorney as arbitrary and capricious." *See* AUSA Vickie LeDuc Email, dated September 11, 2024, a copy of which has been provided as Exhibit O.

On October 18, 2024 Plaintiff then filed subpoenas for SSA Autumn Brown and SA Sean O'Rourke to testify at the November 12, 2024 motions hearing—the hearing was anticipated to address the issue of Plaintiff's efforts to obtain information regarding the Mireles family's efforts to finance a hit on Plaintiff, as well as the criminal ties of Mario Mireles Ruiz and others to MS-13, the Mexican Cartel, and possibly other gangs and/or organizations. *See* Subpoenas, issued October 18, 2024, copies of which have been provided as Exhibits P-S.

On November 12, 2024 Anne Arundel County Circuit Court Judge J. Michael Wachs ordered that "The Federal Bureau of Investigation provide any and all information regarding the association, participation and/or membership in MS-13 or any criminal organizations known to operate with MS-1 3 to the extent not previously provided, including but not limited to FBI cases 343G-BA-3773068 and 281C-BA-3708548, for the following individuals: Mario Mireles Ruiz, Luis Enrique Mireles Ruiz, Christian Marlon Segovia, Jr., Nicolas Mireles, Harcinia Ruiz, Judith Abundez, and others present at the events on June 11, 2023 in the 1000 block of Paddington Place, and…[T]he testimony at trial of Supervisory Special Agent Autumn Brown and Special Agent Sean O'Rourke, and any other agents or special agents involved in the investigation of the association of the decedents and members of the Mireles family with MS-13 and the hit put out on Charles Robert Smith." *See* State Court Order, dated November 25, 2024, a copy of which has

8

been provided as Exhibit T.  On December 3, 2024, pursuant to the November 25, 2024 Order, Plaintiff subpoenaed SSA Autumn Brown, SA Sean O'Rourke and SA Michael Lipsner to testify at Plaintiff's trial commencing February 7, 2025. *See* Subpoenas, issue date December 3, 2024, copies of which have been provided as Exhibits U-W.

On December 20, 2024, the DOJ on behalf of its client the FBI, filed a Notice of Removal and a Motion to Quash and for a Protective Order, seeking to quash the November 25, 2024 Order (Exhibit U) and the three subpoenas issued December 3, 2024 (Exhibits U-W).  *See* Notice of Removal and Motion to Quash Order Dated November 25, 2024 and Three Subpoenas in State of Maryland v. Charles Robert Smith, copies of which have been provided as Exhibits X and Y.

### *JURISDICTION AND VENUE*

This action seeks review of final federal agency action pursuant to 5 U.S.C. §§ 702 et seq..

This Court has jurisdiction to review final federal agency action pursuant to 28 U.S.C. § 1331.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because substantially all the events giving rise to Plaintiff's claims occurred in this District, and because Plaintiff reside in this District.

### *CAUSES OF ACTION*
### **COUNT ONE: INJUNCTIVE RELIEF**

Plaintiff realleges and incorporates herein all the allegations set forth in the paragraphs above.

The APA provides a remedy to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1).

The APA also provides a remedy to "hold unlawful and set aside agency action, findings,

and conclusions" found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," "contrary to constitutional right, power, privilege, or immunity," or "in excess of statutory jurisdiction." 5 U.S.C. § 706(2)(A)-(C).

Defendant has unlawfully withheld and unreasonably delayed the disclosure of information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above.

Defendant's refusal to provide information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above, is arbitrary, capricious, an abuse of discretion, and/or otherwise not in accordance with law.

Defendant's refusal to provide information regarding the criminal ties of  Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above, is contrary to Plaintiff's constitutional rights under the Fourteenth Amendment to due process, including his right to present evidence that exculpates Plaintiff, or negates or mitigates his culpability or punishment under Brady v. Maryland, 373 U.S. 83 (1963), and under the Sixth

Amendment, including his rights under the Compulsory Process Clause.

Plaintiff has no administrative remedy as to Defendant's unlawful refusal to provide information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above.

An injunction must issue ordering Defendant to promptly disclose information regarding the criminal ties of the Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above.

## COUNT TWO: DECLARATORY RELIEF

Plaintiff realleges and incorporates herein all the allegations set forth in paragraphs above.

An actual controversy exists between Plaintiff and Defendant concerning whether information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above, must be provided.

The APA authorizes actions for declaratory judgments where no special statutory review proceeding is applicable, which is the case here. 5 U.S.C. § 703; *see also* 28 U.S.C. § 2201.

Plaintiff seeks a declaration that the information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above, must be provided.

### *PRAYER FOR RELIEF*

Plaintiff requests that the Court enter judgment for Plaintiff on the above Claims, and specifically request that the Court:

1. Order the Defendant to promptly provide information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above.

2. Declare that the Plaintiff is entitled to information regarding the criminal ties of Mario Mireles Ruiz and other members of the Mireles family, including Luis Enrique Mireles Ruiz, the brother of Mario Mireles Ruiz, to violent gangs such as the Mexican Cartel, information regarding the Mireles family's efforts through their ties to the Mexican Cartel to finance the contract murder of Plaintiff, and to permit the testimony at trial of FBI agents with direct knowledge of the above.

3. Grant Plaintiff such other relief as the Court may deem just and proper.

Respectfully submitted,

_____
Deborah Katz Levi
Bar no.: 30999
Assistant Public Defender
Maryland Office of the Public Defender
201 St. Paul Place
Baltimore, MD 21202
(667) 406-2348
Deborah.Levi@maryland.gov

*ATTORNEY FOR PLAINTIFF*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2nd day of January, 2025, a copy of the foregoing was served, via U.S. mail, first class, postage prepaid, and via email, on Michael J. Wilson (Bar No. 18970) and Vickie E. LeDuc (Bar No.805577), Assistant United States Attorneys, 36 South Charles Street, 4th Floor, Baltimore, Maryland 21201.

_____
Deborah Katz Levi
Assistant Public Defender